GEORG G. HAARLAND (HOLLAND)

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion November 11, 1925.

*The duty owed by a railroad corporation and its servants to the employees of a terminal corporation is to use due care to avoid injuring him.  It is under no obligation to warn him of latent perils or as to the safety of his working place.*

*A plaintiff struck and injured by a railroad train while standing between or upon the tracks, or so near thereto as to be in reach of the train's ordinary and standard overhang is presumptively, no excuse appearing, guilty of contributory negligence.*

*The last clear chance rule does not apply when the plaintiff's negligence was operative to the last moment and contributed to the injury as a proximate cause.*

On motion for a new trial by defendant.    An action to recover for personal injuries sustained by plaintiff by being struck by a train operated by defendant while being in the employ of the Portland Terminal Company in its yard at Portland as a section hand.    Plaintiff recovered a verdict and defendant filed a general motion for a a new trial.    Motion sustained.    Verdict set aside.

The case fully appears in the opinion.

*Harry H. Cannell*, for plaintiff.

*Charles B. Carter of White & Carter*, for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, JJ.

DEASY, J.   On February 13th, 1924, near Thompson's Point in Portland, the plaintiff was struck and injured by the defendant's west-bound train.  He has recovered a verdict and the case comes to the Law Court on general motion.

The plaintiff was at the time of the accident employed by the Portland Terminal Company as section hand.   He was not an employee of the defendant corporation.   No duty rested upon it to provide him with a reasonably safe place to work or to warn him of latent perils.

The legal duty owed to the plaintiff by the defendant and its servants was to use due care to avoid injuring him.

At the place where the accident occurred the Portland Terminal Company has two parallel tracks, one used by east-bound and the other by west-bound trains. On February 13th, 1924, while the plaintiff in the course of his employment was engaged in shovelling snow at and about the scene of the accident two trains came at about the same time in opposite directions on these parallel tracks. The plaintiff was knocked down and injured by the west-bound train.

The principal and indeed the only conflict of testimony is as to the spot where the plaintiff stood when he received his injury. The tracks are eight and three fourths feet apart. At a point practically midway between the two is a switch standard. The plaintiff says that he stood "close to the switch on the inside to the west-bound track." On the other hand, three witnesses, Ashnault, the engineer of the west-bound train, Trueland, the fireman, and Smith, trainman, all testify that the plaintiff at the time of the accident was standing between the rails of the west-bound track.

We are convinced that the testimony of these three witnesses, confirmed and corroborated by circumstances and probabilities, is true, and that the plaintiff was in a place of obvious danger so absorbed in watching the train on the other track that he gave no thought to the peril of his position.

Circumstances support this theory; it is undisputed that when the train was three or four hundred feet from the plaintiff the engineer gave the danger signal consisting of short blasts of the whistle, that the engine bell was rung, and as the train approached nearer to the plaintiff the whistle was blown continuously; that at a distance of three or four hundred feet the engineer began shutting off steam, that on nearer approach the service brakes were used, and at a distance of about one hundred and twenty-five feet the emergency brake applied.

These warnings and precautions are significant for several reasons: They tend to show due care on the part of the engineer; if heard and not heeded by the plaintiff they aggravate his negligence.

But we stress this evidence for another reason. It tends to show that what the engineer testifies to now was what he saw at the time. It is inconsistent with the plaintiff's memory that he stood close to the switch. The almost frantic attempts of the engineer to give warning by bell and whistle, his efforts to slow and stop the train, his application of the emergency brake show that the plaintiff must have

been seen in a position of obvious danger which would not have been true if he had been as he testified "close to the switch."

Moreover, if he had been close to the switch we think that the accident could not have happened.

But counsel for the plaintiff says that granting the plaintiff's negligence, the defendant's engineer had the last clear chance to save him from its consequences. This, however, is plainly not so. Up to about the moment when the emergency brake was applied either could have averted the accident, the defendant's engineer by using the brake sooner, the plaintiff by crossing the track and, notwithstanding some difficulty, finding refuge at a point clear of both tracks, or by stepping to the switch standard from which he was only a few feet distant. But when the engineer with bell ringing and whistle sounding applied his emergency brake he had exhausted his resources. The plaintiff could have, even then, saved himself by taking a few steps. But the engineer was powerless to do more than he had done. The plaintiff and not the defendant's engineer had the "last clear chance."

To state the same thing in another form, the last clear chance rule does not apply because the plaintiff's negligence was "operative to the last moment and contributed to the injury as a proximate cause." *Philbrick* v. *Railway*, 107 Maine, 434; *McCafferty* v. *R. R. Co.*, 106 Maine, 284; *Dyer* v. *Power & Light Co.*, 120 Maine, 415.

It is quite probable that the warning sounds of bell and whistle were drowned by or merged in the noise of the passing east-bound train. If the jury found that the plaintiff did not hear these warnings they were justified in so finding. But the plaintiff standing between the rails or, at all events, so near as to be within the reach of an on-coming train's ordinary and standard overhang was presumptively negligent. This presumption he has clearly failed to overcome.

The verdict is upon the evidence manifestly wrong. The jury must have misunderstood the facts or misinterpreted the law or been influenced by something other than sober reason.

To sustain the verdict in this case would go far toward establishing the liability of every corporation and every person by whose agency another comes to harm through his own fault. The plaintiff's injuries are severe, his condition pitiful. But hard cases cannot be permitted to "make shipwreck of the law."

*Motion sustained.*
*Verdict set aside.*